## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**KARY JARVIS,**

        **Plaintiff,**

**v.**                                **Case No: 6:23-cv-508-PGB-RMN**

**CITY OF DAYTONA BEACH,**
**MARVILLE TUCKER and**
**JAMES MACKENZIE,**

        **Defendants.**

_____/

## ORDER

The following motions to dismiss are before the Court for consideration:

1.      Defendants Tucker and Mackenzie's Motion to Dismiss (Doc. 6);

2.      Plaintiff's Response in Opposition (Doc. 29);

3.      Defendant City of Daytona Beach's Motion to Dismiss (Doc. 22); and

4.      Plaintiff's Response in Opposition. (Doc. 30).

## I.    BACKGROUND

The Plaintiff brings a fifteen-count complaint, asserting theories of liability arising under federal and state law against the City of Daytona Beach and as to Officers Tucker and Mackenzie in their individual and official capacities. (Doc. 1-1). On March 20, 2023, Officers Tucker and Mackenzie filed a motion to dismiss Count VII of the complaint in which the Plaintiffs asserts a state law claim for invasion of privacy. (Doc. 6). The Plaintiff submitted an untimely response on April

17, 2023. (Doc. 29).[1] Notwithstanding their motion to dismiss, Officers Tucker and Mackenzie answered the complaint on March 20th and 21st. (Docs. 7, 8).

The City of Daytona Beach (hereafter the "**City of Daytona Beach**" or the "**City**") was given an extension of time to answer or otherwise respond to the complaint, and on April 7th the City filed a motion to dismiss counts 2, 4, 6, and 8 of the complaint. (Doc. 22). Counts 2, 4, and 6 assert federal claims (commonly referred to a *Monell* claims) against the City for false arrest and unlawful detention and unlawful search. (Doc. 1-1, pp. 18–21, 22–23, 25–26). And Count 8 asserts municipal liability for invasion of privacy allegedly committed by Officers Tucker and Mackenzie. (*Id.* at pp. 28–30). The City of Daytona Beach answered the complaint and asserted affirmative defenses simultaneous to submission of its motion to dismiss. (Docs. 22, 23). The Plaintiff timely filed a Response in Opposition to the Motion to Dismiss. (Doc. 30).

## II.   DISCUSSION

Where an Answer is filed before the resolution of a motion to dismiss, the motion becomes moot. *Smith v. Bank of America, N.A.*, No. 2:11-cv-676, 2014 WL 897032, at *9 (M.D. Fla. Mar. 6, 2014) (citing *Lockwood v. Beasley*, 211 F. App'x 873 (11th Cir. 2006). There is a line of cases suggesting however that the courts should allow the contemporaneous filing of a motion to dismiss and an answer if the grounds for the motion are also raised as affirmative defenses. *Brisk v. City of*

---

[1]   Local Rule 3.01(c) provides a response to a motion to dismiss must be filed within 21 days after service. Accordingly, the Plaintiff's response filed on April 17, 2023 is untimely and will not be considered by the Court.

*Miami Beach, Fla.* 709 F. Supp. 1146, 1147 (S.D. Fla. 1989) (citing *Beary v. West Pub. Co.,* 763 F.2d 66, 68 (2d. Cir. 1985); *Zebrowski v. Denckla,* 630 F. Supp. 1307, 1308 n.1 (E.D.N.Y. 1986); *Martin v. Delaware Law School,* 625 F. Supp. 1288, 1296 n.4 (D. Del. 1985); *In re Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 398, 413 (E.D. Pa. 1981). That said, this Court agrees with the holding announced in *Brisk* "that the better-reasoned rule is that the proper vehicle for challenging a complaint after an answer has been filed is a motion for judgment on the pleadings, as permitted by Rules 12(c) and 12(h)(2)." *Id.* This is because "[o]nce the defendants filed their answer, it became procedurally impossible for the Court to rule on the motion to dismiss." *Id.* (citation omitted).

Turning to the motions at hand, Officers Tucker and Mackenzie move to dismiss Count VII of the complaint on the basis that the state law claim of invasion of privacy does not allege facts sufficient to meet the outrageousness standard. (Doc. 6, p. 2). Neither Officer Tucker nor Officer Mackenzie raises an affirmative defense that incorporates the argument advanced in their motion to dismiss, nor is it possible to do so. As a result, Officer Tucker and Mackenzie's motion to dismiss was rendered moot when they answered the complaint.

The City of Daytona Beach fares no better. The City filed its motion to dismiss at 3:18 p.m. on April 17, 2023, and filed an answer and affirmative defenses one minute later. (Docs. 22, 23). "[T]o the extent the Motion [to Dismiss] seeks dismissal under . . . [Rule] 12(b), any right thereto has been waived because [the defendant] filed his Motion contemporaneously with his answer, in contravention

of Rule 12(b)'s requirement that a motion to dismiss be filed *before* the responsive pleading." *Walker v. Mead*, No. 6:13-cv-1894, 2014 WL 2778162, at *1 (M.D. Fla. June 18, 2014).[2] Moreover, the City of Daytona Beach adopts the arguments advanced by Officers Tucker and Mackenzie in urging the Court to dismiss Count 8; that is, the City alleges the Plaintiff failed to adequately plead outrageous conduct giving rise to liability for invasion of privacy. (Doc. 22, p. 8). Since the insufficiency of Plaintiff's pleading does not give rise to an affirmative defense, the Court need not consider whether the exception discussed in *Brisk* to the rule rending a motion to dismiss moot when a party answers the complaint applies here.

The Court notes, however, that the basis of the City's motion to dismiss the *Monell* claims (Counts 2, 4, and 6) also appears in its third affirmative defense. (Doc. 23, p. 2, ¶ 3). As discussed, the Court elects to follow the reasoning in *Brisk* that the preferred mechanism for resolving a challenge to the complaint, after an answer has been filed, is either through a motion for judgement on the pleadings or for summary judgment. The City of Daytona Beach is free to raise the grounds asserted in its motion to dismiss via a motion for judgment on the pleadings or summary judgment.

## III.   CONCLUSION

For the foregoing reasons it is **ORDERED AND ADJUDGED** as follows:

---

[2] The Court views the one-minute separation between submission of the motion to dismiss and the answer and affirmative defenses as contemporaneous.

1.      Defendants Tucker and Mackenzie's Motion to Dismiss (Doc. 6) is

**DENIED** as moot; and

2.      Defendant City of Daytona Beach's Motion to Dismiss (Doc. 22) is

**DENIED** as moot.

**DONE AND ORDERED** in Orlando, Florida on July 14, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties