**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**KARY JARVIS,**

        **Plaintiff,**

**v.**                             **Case No: 6:23-cv-508-PGB-RMN**

**CITY OF DAYTONA BEACH,
MARVILLE TUCKER and
JAMES MACKENZIE,**

        **Defendants.**
_____/

**ORDER**

This cause is before the Court on the Plaintiff Kary Jarvis' ("**Plaintiff**") Second Request to Take Judicial Notice. (Doc. 34). Defendant City of Daytona Beach, Defendant Marville Tucker, and Defendant James Mackenzie filed a Response in Opposition. (Doc. 37). Upon due consideration, the Plaintiff's request is denied.

**I.    BACKGROUND**

The Plaintiff brings a fifteen-count Complaint, asserting theories of liability arising under federal and state law against the City of Daytona Beach and as to Officers Tucker and Mackenzie in their individual and official capacities. (Doc. 1-1). The Plaintiff asserts *Monell* liability against the City of Daytona Beach in Count 2 (False Arrest), Count 4 (Unlawful Detention), and Count 6 (Municipal Liability). (*Id.*). The Plaintiff requests that the Court take judicial notice of the following:

1. Order granting defendant's motion to suppress in case 2020 305143 CFDB;

2. Order granting defendant's motion to suppress in case 2015-301687 CFDB;

3. Order granting motion to dismiss in case 2019 307724 MMDB;

4. Order granting summary judgment in 6:21-cv-850-GAP-DAB;

5. Order granting defendant's motion to suppress in case 2015 302700 MMDB, and

6. Order granting defendant's motion to suppress in case 2015 305499 CFDB.

(Doc. 34, ¶¶ 7–12).

## II.  LEGAL STANDARDS

The United States Supreme Court has established that a local government cannot be held liable under the doctrines of *respondeat superior* or vicarious liability for the constitutional wrongdoings of its employees or agents. *City of Canton v. Harris*, 489 U.S. 378, 385 (2007); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Only those constitutional violations attributable to the local government's policymakers warrant liability. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403–04 (1997). When the defendant is a local government entity, the plaintiff can establish § 1983 liability by showing that the defendant acted "pursuant to [an] official municipal policy of some nature." *Monell*, 436 U.S. at 691. Local government policy can come in different forms. Intuitively, the most

common example is the enforcement of an officially promulgated policy such as an ordinance, rule, regulation, code, or a decision rendered by a policymaker. *See, e.g.*, *id.* at 694–95; *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (plurality opinion). Less-than-formal policies may also cause constitutional violations that subject a local government to liability. For example, a local government will be liable under § 1983 when the plaintiff's constitutional injuries were caused by an unofficial custom or practice of the local government that is so well-settled, permanent, pervasive, and widespread that it "takes on the force of the law." *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) (internal quotation marks omitted).

Ultimately, whether or not a plaintiff intends to premise liability on an official policy or an unofficial custom, a local government will only be held responsible "for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Brown*, 520 U.S. at 403–04. A local government will not be liable under § 1983 for random acts, isolated incidents, or customs or practices of which its policymakers were unaware. *Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir. 1986). Therefore, although a custom need not receive formal approval, the plaintiff must show actual or constructive knowledge of the custom by a government policymaking body. *Id*.

Under Rule 201(b) of the Federal Rules of Evidence, judicial notice of an adjudicative fact is appropriate when such a fact (1) is generally known within the

3

court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. An adjudicative fact is a fact that is "relevant to a determination of the claims presented in a case." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004).

### III. DISCUSSION

The Plaintiff's request for this Court to take judicial notice fails for two reasons. First, the Plaintiff fails to establish that any of the orders referenced in its motion are final. Each order is a ruling by a trial judge subject to appellate review. While it is plausible that none of the orders were appealed, this fact has not been established, rendering the orders more prejudicial than probative. More importantly, even if the referenced orders are final, a smattering of disparate rulings does not establish an official policy or even an unofficial custom or practice of the local government that is so well-settled, permanent, pervasive, and widespread that it "takes on the force of the law." At best, the Plaintiff shows that out of the hundreds, if not thousands, of police-citizen encounters that occurred between 2015 and the subject arrest, a handful resulted in adverse rulings by trial judges. This is hardly a smoking gun.

### IV. CONCLUSION

For these reasons, the Plaintiff's Second Request for the Court to take Judicial Notice (Doc. 34) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on January 3, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties