UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KARY JARVIS,**

       **Plaintiff,**

v.                              Case No: 6:23-cv-508-PGB-RMN

**CITY OF DAYTONA BEACH,
MARVILLE TUCKER and
JAMES MACKENZIE,**

       **Defendants.**
_____/

## **ORDER**

This cause is before the Court on the Plaintiff Kary Jarvis' ("**Plaintiff**") Motion to Take Judicial Notice (Doc. 31 (the "**Motion**"). The Defendants filed a Response in Opposition. (Doc. 35). Upon due consideration, the Plaintiff's Motion is granted in part and denied in part.

**I.    BACKGROUND**

The Plaintiff brings a fifteen-count Complaint, asserting theories of liability arising under federal and state law against the City of Daytona Beach and as to Officers Tucker and Mackenzie in their individual and official capacities. (Doc. 1-1). The Plaintiff requests that the Court take judicial notice of the following:

1. The Information filed in case number 2020 305143 CFDB on December 2, 2020 (Doc. 31-1);

2. The Notice of Appeal in the aforementioned case (Doc. 31-2);

3. The Order of Supervision by Pre-Trial Services in the aforementioned case (Doc. 31-3);

4. The Nolle Prosequi filed in the aforementioned case on January 11, 2022 (Doc. 31-4);

5. The No Information filed in the aforementioned case on January 12, 2022 (Doc. 31-5), and

6. Appellant's Notice of Voluntary Dismissal and Order in case number 5D21-2656 (Doc. 31-6).

## II. LEGAL STANDARD

Rule 201(b) of the Federal Rules of Evidence allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Under this rule, court filings are public records whose existence is not subject to reasonable dispute. *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53–54 (11th Cir. 2006). Even still, courts may not take judicial notice of court records for the truth of the matter asserted in those records. *E.g.*, *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *Legacy Ent. Grp., LLC v. Endemol USA Inc.*, No. 3:15-CV-0252-HES-PDB, 2015 WL 12838795, at *4 (M.D. Fla. Oct. 1, 2015); *In re Takata Airbag Products Liab. Litig.*, 396 F. Supp. 3d 1101, 1129 (S.D. Fla. 2019). Rather, a court may take judicial notice of relevant public records to help determine what the documents contain and not to prove the truth of the documents' contents. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278

(11th Cir. 1999); *Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1366 (M.D. Fla. 2014) (citing *Jones*, 29 F.3d at 1553); *MB Plaza, LLC v. Wells Fargo Bank, NA*, No. 10-24241-CIV, 2011 WL 3703143, at *1 (S.D. Fla. Aug. 23, 2011). Even so, the materials must still be relevant under Rule 401 of the Federal Rules of Evidence. *Vallot v. Cent. Gulf Lines, Inc.*, 641 F.2d 347, 351 (5th Cir. 1981).[1]

## III. DISCUSSION

To the extent that the Court grants the Plaintiff's request that it take judicial notice of certain court documents, the Court does so solely to determine what the documents contain and not to prove the truth of the documents' contents. With this caveat, the Court takes judicial notice of the following:

1. The Information filed in case number 2020 305143 CFDB on December 2, 2020 (Doc. 31-1);

2. The Nolle Prosequi filed in case number 2020 305143 CFDB on January 11, 2022 (Doc. 31-4); and

3. The No Information filed in case number 2020 305143 CFDB on January 12, 2022 (Doc. 31-5).

The Court finds the Notice of Appeal and related documents (Doc. 31-2) are not relevant to any issue in dispute. Similarly, the Court finds the Appellant's Notice of Voluntary Dismissal and Order in Case No. 5D21-2656 (Doc. 31-6) is not relevant

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. *Vallot v. Cent. Gulf Lines, Inc,* was handed down on April 3, 1981.

3

to any issue in dispute. That the criminal proceedings against the Plaintiff were terminated is established by the Nolle Prosequi and No Information. (Docs. 31-4, 31-5). As for the Order of supervision by Pre-Trial Services (Doc. 31-3), the Plaintiff cites no caselaw, controlling or persuasive, holding that release without the requirement of posting a monetary bond constitutes evidence of damages or seizure—the two theories advanced to justify taking judicial notice. Moreover, the contents of the order is hearsay, and as discussed, taking judicial notice does not prove the truth of the document's contents. *See Bryant*, 187 F.3d at 1278.

## IV. CONCLUSION

For these reasons, the Plaintiff's Motion to Take Judicial Notice (Doc. 31) is **GRANTED in part** and **DENIED in part**, as set forth above.

**DONE AND ORDERED** in Orlando, Florida on January 4, 2024.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties