UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KARY JARVIS,**

       **Plaintiff,**

v.                                           Case No: 6:23-cv-508-PGB-RMN

**CITY OF DAYTONA BEACH,**
**MARVILLE TUCKER and**
**JAMES MACKENZIE,**

       **Defendants.**

_____/

## ORDER

This cause is before the Court on Plaintiff's Motion for Reconsideration of Order Striking Plaintiff's Motion for Summary Judgment (Doc. 66 (the "**Motion**")). Defendants filed a response in opposition (Doc. 68 (the "**Response**")) and the matter is ripe for review. Upon due consideration, the Motion is denied.

**I.  BACKGROUND**

On February 2, 2024, Plaintiff filed a Motion for Summary Judgment (Doc. 60 (the "**Motion for Summary Judgment**")) accompanied by a Stipulation of Agreed Material Facts (Doc. 59 (the "**Stipulation**")). The Stipulation contained a single paragraph stating that the parties had conferred and "did not agree to any facts." (*Id.*). Five days later, Defendants filed a joint request to extend the time for their response to the Motion for Summary Judgment, citing that key witnesses

were scheduled for deposition in March and that their testimony would not be available to Defendants in advance of the deadline for their response. (Doc. 62, p. 4). Plaintiff filed a response opposing this request for additional time. (Doc. 65).

Ultimately, upon review of the Stipulation, the Court struck Plaintiff's Motion for Summary Judgment without prejudice for Plaintiff's failure to comply in good faith with the Case Management and Scheduling Order ("**CMSO**") in the instant case. (Doc. 63 (the "**Order**")). The Order cited the CMSO's requirement that the parties meet and confer "[f]ourteen days before a party files a motion for summary judgment" to create a Stipulation of Agreed Upon Facts for use by the Court in ruling on a motion for summary judgment. (*Id.* at pp. 1–2 (quoting Doc. 26, p. 8)). The Court found that it was "highly unlikely that there is not a single, basic fact 'pertinent to the resolution of the motion' upon which the parties could agree." (*Id.* at p. 2). However, the Court made clear that Plaintiff was free to file a new motion for summary judgment assuming Plaintiff complied with the requirements of the CMSO. (*Id.* at pp. 2–3). Now, Plaintiff moves for the Court's reconsideration of this Order. (Doc. 66).

II.   **LEGAL STANDARD**

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion typically arises under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

2

Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam).[1] It is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. Thus, to prevail on a motion to reconsider, the movant must identify "manifest errors of law or fact" or extraordinary circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).[2]

## III. DISCUSSION

In the Motion, Plaintiff claims that he has complied with the CMSO. (*Id.*). Plaintiff also argues that the Order will result in "manifest injustice" to Plaintiff and that it would cause "unreasonable delay" and "prejudice" to require additional conferral, since Defendant will not agree to any facts. (*Id.* at p. 2).

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

[2] Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

Plaintiff's arguments are unavailing. First, the e-mails that Plaintiff attached to his Motion reveal that Plaintiff contacted Defendants to schedule the conferral regarding the Stipulation in August of 2023. (Doc. 66-1). Defendants' Response confirms that the actual conferral took place on September 14, 2023—more than four months before Plaintiff filed his Motion for Summary Judgment—and asserts that Plaintiff's counsel never followed up again regarding the Stipulation. (Doc. 68 pp. 2–3 (detailing relevant discovery that has been undertaken since that time, including Plaintiff's deposition, and setting forth Defendants' assertion that they are now in the position to agree to certain material facts)). As such, the Motion and Response confirm that Plaintiff has not complied with the CMSO, which requires the conferral to take place "[f]ourteen days" prior to a party filing a motion for summary judgment. (Doc. 26).

Requiring compliance with the CMSO does not result in manifest injustice to Plaintiff. In fact, the very purpose of the CMSO "is to discourage wasteful pretrial activities and to secure the just, speedy, and inexpensive determination of the action." (*Id.* at p. 3). The CMSO controls the course of the instant proceeding, and thus, the rules therein are not mere suggestions. Moreover, the Court finds that its Order results in neither unreasonable delay nor prejudice to Plaintiff. The Order was granted without prejudice, and Plaintiff has abundant time within which to file a motion for summary judgment before the deadline for filing dispositive motions expires on May 1, 2024. (*See id.*). In any event, had the parties' Stipulation complied with the CMSO, the Court would have been inclined to grant Defendants

4

a reasonable amount of additional time to respond to the Motion for Summary Judgment given the discovery that would have remained outstanding on the deadline for their response.

For the foregoing reasons, Plaintiff's Motion for Reconsideration of Order Striking Plaintiff's Motion for Summary Judgment (Doc. 66) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on February 23, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties