UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KARY JARVIS,

    Plaintiff,

v.                                Case No: 6:23-cv-508-JSS-RMN

CITY OF DAYTONA BEACH,
MARVILLE TUCKER and JAMES
MACKENZIE,

    Defendants.
_____/

## ORDER

Plaintiff moves to exclude the testimony of Defendants' non-retained experts Maureen Suchenski, M.D., Jessika Gil-Peneda, M.D., and Gustavo Guzman. (Motion, Dkt. 94.) Defendants oppose the Motion. (Dkt. 99.) The court held a hearing on June 11, 2024. (Dkt. 107.) For the reasons set forth below, Defendants are directed to supplement their expert disclosure and Plaintiff's Motion is denied.

## BACKGROUND

This action arises out of an October 23, 2020 traffic stop involving Plaintiff and Daytona Beach Police Department officers Marville Tucker and James Mackenzie. (Dkt.1-1 ¶¶ 18–33.) As a result of the traffic stop, Plaintiff was injured and filed a complaint in the Seventh Judicial Circuit in and for Volusia County, Florida, which the parties jointly removed to this court. (Dkt. 1.) The parties have conducted discovery and the case is set for a jury trial in October 2024. Plaintiff now seeks to exclude the testimony of Defendants' non-retained experts at trial.

## APPLICABLE STANDARD

"Federal Rule of Civil Procedure 26 prescribes when and how parties must disclose potential witnesses." *Baxter v. Roberts*, 54 F.4th 1241, 1254 (11th Cir. 2022). Rule 26(a)(2) outlines two types of expert witnesses: (i) those who were retained for the purpose of providing expert testimony in the case, and (ii) those who were not specifically retained to provide testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)–(C). "[W]hether an expert was 'retained' hinges on how she formed her relationship with the party she will testify for—not on the content of the testimony." *Cedant v. United States*, 75 F.4th 1314, 1317 (11th Cir. 2023).

Under Rule 26(a)(2)(B), an expert who was specifically retained to provide expert testimony must produce a written report that contains:

> (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (6) a statement of compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). In contrast, for non-retained experts, the presenting party need only disclose (i) "the subject matter on which the witness is expected to present evidence. . .", and (ii) "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a

hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## ANALYSIS

On March 4, 2024, Defendants provided their expert disclosures listing Maureen Suchenski, M.D., Jessika Gil-Peneda, M.D., and Gustavo Guzman as non-retained experts. (Dkt. 94-1.) In compliance with Rule 26(a)(2)(C)(i) Defendants stated "[t]hese non-retained medical experts are expected to testify in their respective fields of expertise as to their assessment, medical care, treatment and services tendered to the plaintiff, Kary Jarvis." (*Id*.) Attempting to comply with Rule 26(a)(2)(C)(ii) Defendants stated "[t]he summary of the facts and opinions are contained within the attached medical records." (*Id*.) Plaintiff argues that the court should exclude Defendants' non-retained experts because Defendants failed to disclose the facts and opinions to which the Defendants' non-retained experts will testify. (Dkt. 94 at 3.) Plaintiff further argues that "no opinions as to causation or prognosis are evident in the records produced by Defendants." (*Id*.)

Upon consideration and for reasons discussed at the hearing, the court finds Defendants' disclosures insufficient to satisfy their disclosure obligations under Rule 26(a)(2). *See Frank v. Nature's Path Foods, Inc.*, No. 8:19-cv-1241-T-23JSS, 2020 WL 13601692, at *6 (M.D. Fla. June 19, 2020) ("Defendants' disclosure of Plaintiff's medical providers as non-retained experts was legally deficient, because Defendant did not include a statement of the subject matter or a summary of the facts and opinions on which they expect [the] witnesses to testify."). Merely stating "[t]he summary of the facts and opinions are contained within the attached medical records[]" does not

give the court or the Plaintiff a proper basis to "ascertain whether the anticipated testimony of each disclosed medical provider is based on [his or her] examination and treatment of Plaintiff." (Dkt. 94-1); *Sweat v. United States*, No. 8:14-cv-888-T-17JSS, 2015 WL 8270434, at *3 (M.D. Fla. Dec. 8, 2015); *see Pugliese v. Texas Roadhouse, Inc.*, No. 5:17-cv-392-OC-PRL, 2018 WL 3757762, at *1 (M.D. Fla. Aug. 8, 2018) (finding "the disclosure lacks 'a summary of the facts and opinions to which the witness is expected to testify,' as required by Rule 26(a)(2)(C)(ii)") (citation omitted). Further, allowing Defendant to submit medical records "in lieu of an adequate summary under Rule 26(a)(2)(C)(ii) would invite a party to dump voluminous medical records on the opposing party, contrary to the rule's attempt to extract a summary." *Small v. Amgen, Inc.*, No. 2:12-cv-476-FtM-PAM-MRM, 2017 WL 5443912, at *4 (M.D. Fla. Feb. 15, 2017) (citing *Ballinger v. Casey's Gen. Store, Inc.,* No. 1:10-cv-1439-JMS-TAB, 2012 WL 1099823, at *4 (S.D. Ind. Mar. 29, 2012)).

    However, the court does not find that Defendants' deficient disclosures warrant exclusion of the expert witnesses from trial. Under Rule 37(c)(1), inadequate disclosures may render a party unable to "use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether a failure to disclose evidence is substantially justified or harmless, courts consider the following factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Pugliese*, 2018

WL 3757762, at *2 (citation omitted). Applying the foregoing factors, any surprise may be addressed by supplemental expert disclosures. *See id.* (finding Plaintiff's failure to disclose "the most critical details, namely a summary of the facts and opinions to which the witness is expected to testify, as required by Rule 26(a)(2)(C)(ii) . . . can be largely cured by requiring Plaintiff to redraft her existing disclosure . . . ."). Additionally, the supplemental expert disclosures would not disrupt the trial schedule as the parties have ample time to prepare for the October 2024 trial. *See Lamonica v. Hartford Ins. Co. of the Midwest*, 336 F.R.D. 682, 687 (N.D. Fla. 2020) ("Courts tend to find that a late disclosure was harmful when it results in postponement of a trial."). The testimony of the treating physicians are important to the merits of the case as Plaintiff has made multiple claims related to injuries he sustained after an encounter with Defendants. *See Torres-Torres v. KW Int'l, Inc.*, No. 5:18-cv-164-OC-30PRL, 2019 WL 13189110, at *2 (M.D. Fla. May 14, 2019) (finding that the testimony of a treating physician was important to the merits of the case). Although Defendants failed to provide an explanation for the deficient disclosures, the factors weigh in favor of allowing Defendants to supplement their disclosures rather than excluding the witnesses. *See Tate v. Church Hill Trucking, Inc.*, No. 1:17-cv-00184 (WLS), 2020 WL 13281055, at *3 (M.D. Ga. Mar. 18, 2020) (finding that "factors two and three weigh in favor of not excluding . . . testimony"); *see also Hornsby v. Carnival Corp.*, No. 22-cv-23135, 2023 WL 8934518, at *10 (S.D. Fla. Dec. 27, 2023) (finding the factors weigh against exclusion of testimony).

Thus, Defendants are directed to immediately supplement their expert disclosures to include the information required by Fed. R. Civ. P. 26(a)(2)(C). *See*

*Cedant*, 75 F.4th at 1324–25 (Rule 26(a)(2) "explicitly empowers district courts (through orders or local rules) and parties (through written stipulations) to modify the usual disclosure requirements[]" as the circumstances of a case demands); *see* Fed. R. Civ. P. 37(c)(1); *Brackett v. Nat'l Specialty Ins. Co.*, No. 2:21-cv-269-JLB-MRM, 2022 WL 2915659, at *3 (M.D. Fla. May 31, 2022) (finding "failure to provide a sufficient disclosure under Rule 26(a)(2)(C) was harmless under Rule 37 because (1) Defendant has been on notice as to the subject matter of [the expert's] testimony since the inception of [the] case and (2) any prejudice resulting from Plaintiff's insufficient disclosure can be cured by a supplemental disclosure").

Plaintiff further argues that "the experts should be required to file a written report as to any opinions outside of their treatment of Plaintiff." (Dkt. 94.) However, treating physicians are not required to provide a Rule 26(a)(2)(B) report when testifying "about observations based on personal knowledge, including the treatment of a party." *Principi v. Survivair, Inc.*, 231 F.R.D. 685, 692 (M.D. Fla. 2005). At this point, the court cannot ascertain "the exact boundaries of the treating physician's testimony as an expert witness [such bounds] will not be clear until he or she testifies at trial." *Frank,* 2020 WL 13601692, at *5 (*citing Honor v. USA Truck, Inc.*, No. 8:18-cv-677-T-CPT, 2020 WL 487151, at *5 (M.D. Fla. Jan. 30, 2020) ("Where the exact boundaries lie in this regard will have to be addressed at trial by way of specific objections to specific testimony.")); *Torres v. First Transit, Inc.*, No. 17-cv-81162, 2018 WL 3729553, at *3 (S.D. Fla. Aug. 6, 2018) ("[t]he exact boundaries of [a] treating physician's testimony may need to be addressed with specific objections to specific testimony in the context of trial") (citation omitted). Nevertheless, Defendants' non-

retained experts will not be permitted to offer expert testimony that is not sufficiently related to or based on the information disclosed during the course of their treatment of Plaintiff. To the extent Defendants seek to introduce expert opinion testimony beyond the course of their treatment of Plaintiff, that testimony is excluded, absent an independent basis for admissibility. *See Torres*, 2018 WL 3729553, at *3.

Accordingly:

1. Plaintiff's Motion to Exclude the Testimony of Defendants' Experts Maureen Suchenski, M.D., Jessika Gil-Peneda, M.D., and Gustavo Guzman is **DENIED**.

2. Defendants are **DIRECTED** to supplement their expert disclosures to include the information required by Fed. R. Civ. P. 26(a)(2)(C)(ii) within 14 days of this order.

**ORDERED** in Orlando, Florida, on June 26, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record