UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KARY JARVIS,

    Plaintiff,

v.   Case No: 6:23-cv-508-JSS-RMN

CITY OF DAYTONA BEACH,
MARVILLE TUCKER and JAMES
MACKENZIE,

    Defendants.
_____/

## ORDER

Defendants move to exclude the testimony of Plaintiff's expert Thomas J. Tiderington. (Motions, Dkts. 89, 95.) Plaintiff opposes the Motions. (Dkt. 103.) The court held a hearing on June 11, 2024. (Dkt. 107.) For reasons set forth below, the Motions are granted in part.

## BACKGROUND

This action arises out of an October 23, 2020 traffic stop involving Plaintiff and Daytona Beach Police Department officers Marville Tucker and James Mackenzie. (Dkt. 1-1 ¶¶ 18–33.) As a result of the traffic stop, Plaintiff was injured and filed a complaint in the Seventh Judicial Circuit in and for Volusia County, Florida, which the parties jointly removed to this court. (Dkt. 1.) The parties have conducted discovery and the case is set for a jury trial in October 2024. Plaintiff now seeks to exclude Defendant's expert witness Mr. Tiderington.

## APPLICABLE STANDARD

In determining the admissibility of expert testimony under Federal Rule of Evidence 702, "[t]he court serves as a gatekeeper, charged with screening out experts whose methods are untrustworthy or whose expertise is irrelevant to the issue at hand." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007). A determination of admissibility requires findings that "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in [*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)).

"[I]f the [expert] witness is relying solely or primarily on experience, then the [expert] witness must explain *how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Frazier*, 387 F.3d at 1261 (citing Fed. R. Evid. 702 advisory committee's note (2000 amends.)). The party offering an expert has the burden of satisfying each of these elements by a preponderance of the evidence. *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1107 (11th Cir. 2005).

## ANALYSIS

### A. Opinion One

In Opinion One, Mr. Tiderington states that Defendants' actions were unreasonable, unjustifiable, and deviated from acceptable law enforcement standards. (Dkt. 89-1.) Defendants Marville Tucker and James Mackenzie argue that Mr. Tiderington's opinion should be excluded because it is a legal conclusion and will mislead the jury. (Dkt. 95.) Plaintiff responds that Mr. Tiderington's opinion will not tell the jury what conclusion they should reach, but will give the jury insight on police practices and assist the jury with determining what a reasonable officer would have done under the circumstances at issue in this case. (Dkt. 103.)

"[W]hether the force [an officer] used was excessive is a pure question of law." *Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013) (citation and internal quotations omitted). While "[a]n expert may testify as to his opinion on an ultimate issue of fact . . . [a]n expert may not [] merely tell the jury what result to reach." *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (citing Fed. R. Evid. 704). "A witness also may not testify to the legal implications of conduct" because "the court must be the jury's only source of law." *Id.*

To the extent Mr. Tiderington opines that Defendants' application of force was unreasonable or unjustifiable that "is not a matter subject to expert testimony" and must be excluded. *Myers*, 713 F.3d at 1328; *see Lizarazo v. Greaves*, No. 1:16-cv-20558-UU, 2018 WL 8224943, at *2 (S.D. Fla. June 21, 2018) ("[A]llowing an expert witness to tell the jury whether the [d]efendants used excessive force would essentially remove

from the jury the task of applying standards of reasonableness and replace it with the task of evaluating the testimony of the parties' experts."); *see Washington v. City of Waldo, Fla.*, No. 1:15-cv-73-MW/GRJ, 2016 WL 3545909, at *4 (N.D. Fla. Mar. 1, 2016) (excluding expert witness opinions "that [officer] used excessive force in effectuating [an] arrest, as such testimony 'offers nothing more than what lawyers for the parties can argue in closing arguments[]'") (citing *Frazier*, 387 F.3d at 162-63). Defendants' motion to exclude Opinion One is granted to the extent that Mr. Tiderington may not opine that Defendants' application of force was unreasonable or unjustifiable. Defendants' motion is otherwise denied as to Opinion One.

### B. Opinion Two

In Opinion Two, Mr. Tiderington states that the Daytona Beach Police Department has a custom and practice of inadequately supervising, training, and disciplining its personnel and but for this pattern Plaintiff would not have been detained and incarcerated. (Dkt. 89-1.) Defendants Marville Tucker and James Mackenzie argue that Mr. Tiderington's opinion should be excluded because it is a legal conclusion that encroaches on the purview of the jury. (Dkt 95.) Defendant City of Daytona Beach argues that Mr. Tiderington's opinion should be excluded because the opinion is not reliable. (Dkt. 89 at 2.)

"The proponent of expert testimony always bears the burden to show that his expert is qualified to testify competently regarding the matters he intend[s] to address; the methodology by which the expert reached his conclusions is sufficiently reliable; and the testimony assists the trier of fact." *Frazier*, 387 F.3d at 1260. Although there

is overlap between the qualification, reliability, and helpfulness concepts, "these are distinct concepts that courts and litigants must take care not to conflate." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003). Defendants do not challenge Mr. Tiderington qualifications. Plaintiff argues that Mr. Tiderington's opinions will be helpful to the jury. (Dkt. 103.) Nevertheless, Plaintiff has not met his burden of establishing Mr. Tiderington's opinion is reliable. *See Frazier*, 387 F.3d at 1260. Further, Plaintiff fails to establish that Opinion Two is supported by a sufficient methodology. *See Sapp v. Marcum*, No. 6:21-cv-1515-PGB-DCI, 2023 WL 3965718, at *4 (M.D. Fla. June 13, 2023) (excluding expert opinion where expert "fails to articulate a reliable methodology in support of his opinions"). Mr. Tiderington's report discusses his experience but fails to establish "*how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Frazier*, 387 F.3d at 1260.

Additionally, Opinion Two discusses the custom, practice, and patterns of the Daytona Beach Police Department, but the report only cites one example beyond the present case. Mr. Tiderington confirmed this limited basis for the opinion in his deposition. *See* (Dkt. 89-2). When asked whether the two incidents constituted the basis of his opinion Mr. Tiderington responded, "at this point, yes." (*Id.*)[1] As it relates

---

[1] At the hearing, Plaintiff's counsel discussed Plaintiff's request for judicial notice of cases he argues establishes the customs of the Daytona Beach Police Department conducting illegal searches and seizures, but that request was denied for failure to satisfy Rule 201(b) of the Federal Rules of Evidence.

to expert opinions on customs, "[a]bsent a reasoned analysis supported by data, identified standards, or comparison with practices in other sheriff's offices, [an expert's opinions] are conclusory and unreliable, based on mere conjecture, assumption, credibility calls, and amount[s] to no more than *ipse dixit*, which is neither reliable nor helpful." *Day v. Edenfield*, No. 5:19-cv-505-MCR/MJF, 2022 WL 972430, at *11 (N.D. Fla. Mar. 31, 2022) (excluding expert testimony regarding custom where expert failed to provide sufficient support for his opinion). Mr. Tiderington's Opinion Two is excluded as unreliable. *See Bakst as Tr. for Flaster v. Tony*, No. 13-cv-61411, 2019 WL 11497844, at *4 (S.D. Fla. Dec. 6, 2019) (excluding expert opinion on policy and custom "because it is not based on specialized training, independent testing, or analysis of data . . . [further] the opinion would not be helpful to the jury").

## CONCLUSION

Accordingly:

1. Defendant, City of Daytona Beach's, Daubert Motion to Exclude Expert Opinions of Thomas Tiderington (Dkt. 89) is **GRANTED**.

2. Defendant Marville Tucker and Defendant James Mackenzie's Motion to Exclude Certain Opinions and Testimony of Plaintiff's Police Practices and Procedure Expert Thomas J. Tiderington (Dkt. 95) is **GRANTED in part**.

---

(Dkt. 53.) Further, there is no indication in Mr. Tinderington's report or deposition that he relied on any of the additional cases to form his opinion. *See* (Dkts. 89-1, 89-2, 95-2.)

3. Mr. Tiderington's opinion concluding that Defendants' application of force was unreasonable or unjustifiable is excluded as to Opinion One. Mr. Tiderington's opinion in Opinion Two concerning Defendant's custom and practice is also excluded.

**ORDERED** in Orlando, Florida, on July 8, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record