UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KARY JARVIS,

    Plaintiff,

v.                                                       Case No: 6:23-cv-508-JSS-RMN

CITY OF DAYTONA BEACH,
MARVILLE TUCKER and JAMES
MACKENZIE,

    Defendants.
_____/

## ORDER

Plaintiff moves to exclude the testimony of Defendants' expert Dr. Richard Hough. (Motion, Dkt. 93.) Defendants oppose the Motion. (Dkt. 100.) The court held a hearing on June 11, 2024. (Dkt. 107.) For reasons set forth below, the Motion is granted in part.

## BACKGROUND

This action arises out of an October 23, 2020, traffic stop involving Plaintiff and Daytona Beach Police Department officers Marville Tucker and James Mackenzie. (Dkt.1-1 ¶¶ 18–33.) The parties have conducted discovery, and the case is set for a jury trial in October 2024. Plaintiff seeks to exclude Defendants' expert witness Dr. Richard Hough from testifying during the trial. Defendants retained Dr. Hough to provide expert witness testimony concerning police practices in Florida and to rebut the opinions of Plaintiff's expert witness Thomas J. Tiderington. *See* (Dkt. 93-1.)

## APPLICABLE STANDARD

In determining the admissibility of expert testimony under Federal Rule of Evidence 702, "[t]he court serves as a gatekeeper, charged with screening out experts whose methods are untrustworthy or whose expertise is irrelevant to the issue at hand." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007). A determination of admissibility requires findings that "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)); *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

"[I]f the [expert] witness is relying solely or primarily on experience, then the [expert] witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Frazier*, 387 F.3d at 1261 (citing Fed. R. Evid. 702 advisory committee's note to 2000 amendment). The party offering an expert has the burden of satisfying each of these elements by a preponderance of the evidence. *Cook*

*ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1107 (11th Cir. 2005).

## ANALYSIS

Plaintiff seeks to exclude Dr. Hough's opinions contending they are "not based [on] credible methodology in policing, [] unreliable, and will not assist the trier of fact as to the ultimate issue in this case." (Dkt. 93 at 12.) The court will address the challenged opinions and Defendants' objections in turn.

### A. Competence

Plaintiff seeks to exclude Dr. Hough's opinions one, seven, nine, and nineteen, contending that Dr. Hough lacks competence to render those opinions. (Dkt. 93.) In his report, Dr. Hough opines concerning the high crime rate in Daytona Beach, law enforcement's reaction to high-stress situations, the investigation at issue, industry standards, and whether a "Response to Resistance/ Blue Team Report" was required "in all arrest incidents." (Dkt. 93-1.) Defendant maintains that Dr. Hough is competent to testify concerning the opinions in his report concerning the "high-stress circumstances police officers must evaluate when investigating a suspect that may be involved in criminal activity." (Dkt. 100.)

Pursuant to Federal Rule of Evidence 702, a witness may qualify as an expert based on "knowledge, skill, experience, training, or education." *Frazier*, 387 F.3d at 1260–61. "Determining whether a witness is qualified to testify as an expert 'requires the trial court to examine the credentials of the proposed expert in light of the subject matter of the proposed testimony.'" *Clena Invs., Inc. v. XL Specialty Ins. Co.*, 280 F.R.D.

3

653, 660 (S.D. Fla. Jan. 30, 2012) (quoting *Jack v. Glaxo Wellcome, Inc.*, 239 F. Supp. 2d 1308, 1314–16 (N.D. Ga. 2002)). "This inquiry is not stringent, and so long as the expert is minimally qualified, objections to the level of the expert's expertise [go] to credibility and weight, not admissibility." *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009).

Dr. Hough holds master's degrees in public administration and a Doctor of Education degree with a concentration in public administration. (Dkt. 93-1.) He was previously employed for more than twenty years in law enforcement, including work at the Florida Department of Juvenile Justice, Florida Sheriff's Office, and police departments throughout the state of Florida. (Dkt. 93-1.) He has also held academic appointments at various universities, where he taught courses focused on criminal justice, policing, and criminology. (Dkt. 93-1.) Given Dr. Hough's extensive educational background and experience, he is qualified to provide expert testimony and provide opinions one, seven, nine, and nineteen. Plaintiff's motion concerning Dr. Hough's qualifications is denied.

### B. Helpfulness

Plaintiff argues that Dr. Hough's opinions one through four, six, eight, nine, eleven, seventeen through nineteen, twenty-one through twenty-three, and twenty-five "will not be helpful to the jury" and comprise "purely legal conclusions." (Dkt. 93 at 9.) "An expert's testimony is helpful if it 'assists the trier of fact, through the application of scientific, technical, or specialized expertise, [(1)] to understand the evidence or [(2)] to determine a fact in issue.'" *Rivera v. Ring*, 810 F. App'x. 859, 863

(11th Cir. 2020) (quoting *Frazier*, 387 F.3d at 1260). The Eleventh Circuit has held that "the standard to determine helpfulness is whether the expert testimony concerns matters that are beyond the understanding of the average lay person." *Rivera*, 810 F. App'x. at 863. Dr. Hough's opinions one, nine, eleven, seventeen through nineteen, twenty-two, and twenty-three relate to law enforcement's practice, procedures, and training. A lay juror would not know this information. *See id.* ("[A] lay juror would not know Florida's practices and procedures regarding the use of force and whether [the officer's] actions were consistent with those practices and procedures. Dr. Hough's testimony provided such knowledge.") As such, Dr. Hough's opinions are sufficiently helpful under *Daubert*.

Dr. Hough's opinions two through four, eight, twenty-one, and twenty-five, however, include Dr. Hough's opinions concerning whether Defendants Tucker and Mackenzie's "tactics . . . were reasonable" and in accord with "constitutional guidance," and whether a "pattern or practice of intentional behavior or official misconduct" or "a violation of established law" exists. (Dkt. 93-1 at 2–3.) While "[a]n expert may testify as to his opinion on an ultimate issue of fact . . . [a]n expert may not [] merely tell the jury what result to reach." *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (citing Fed. R. Evid. 704). Further, "[a] witness also may not testify to the legal implications of conduct" because "the court must be the jury's only source of law." *Id.* "Courts must remain vigilant against the admission of legal conclusions, and an expert witness may not substitute for the court in charging the jury regarding the applicable law." *Commodores Ent. Corp. v. McClary*, 879 F.3d

5

1114, 1129 (11th Cir. 2018) (citing *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977)).  The district court must take "adequate steps to protect against the danger that [an] expert's opinion would be accepted as a legal conclusion." *United States v. Herring*, 955 F.2d 703, 709 (11th Cir. 1992).  Whether Defendants Tucker and Mackenzie acted in a "objectively reasonable" manner "is the very question that a jury would decide should this case go to trial." *Clarke v. Healthsouth Corp.*, No. 8:14-cv-778-T-33AAS, 2021 WL 129821, at *5 (M.D. Fla. Jan. 14, 2021) (citing *Kidder, Peabody & Co. v. IAG Int'l Acceptance Grp., N.V.*, 14 F. Supp. 2d 391, 404 (S.D.N.Y. 1998) ("Whether a party acted with objective reasonableness is a quintessential common law jury question.")).  By concluding that Defendants Tucker and Mackenzie acted objectively reasonably Dr. Hough "merely tell[s] the jury what result to reach." *Montgomery*, 898 F.2d at 1541.  Thus, to the extent Dr. Hough opines that Defendant Tucker and Mackenzie acted objectively reasonably and in accord with the applicable law, those opinions are excluded as legal conclusions. *Asokan v. Am. Gen. Life Ins. Co.*, No. 6:15-cv-2048-Orl-40KRS, 2017 WL 4542889, at *5 (M.D. Fla. Aug. 29, 2017) (excluding opinion regarding whether actions were reasonable as a legal conclusion). *See Kearney v. Auto-Owners Ins. Co.*, No. 8:06–cv–595–T–24TGW, 2009 WL 3712343, at *3–4 (M.D. Fla. Nov. 5, 2009) (expert opinions that a party did not violate a Florida statute were "inadmissible legal conclusions that are not the proper subject of expert testimony"), *aff'd*, 422 F. App'x 812 (11th Cir. 2011); *Adkins v. Roberts*, No. 5:18-cv-271-MCR/MJF, 2022 WL 1272403, at *6 (N.D. Fla. Mar. 31, 2022) (excluding expert witness's legal conclusions regarding "the existence of constitutional violations, probable cause, false

arrest, and negligence . . . because they are neither helpful nor proper expert opinion"); *Pacinelli v. Carnival Corp.*, No. 18-22731-CIV, 2019 WL 3252133, at *5 (S.D. Fla. July 19, 2019) (excluding expert opinion "that Plaintiff did nothing wrong in the manner of his activities" as a legal conclusion). Accordingly, opinions two through four, eight, twenty-one, and twenty-five are excluded.

Additionally, in opinion six, Dr. Hough opines "[t]he official report of [the] officers in this matter are consistent and agree on the facts and do not contradict physical evidence in the case." (Dkt. 93-1 at 28.) The court finds that this opinion is not helpful to the jury, as the jury does not need an expert to determine whether the officers' reports are consistent with each other and the physical evidence in the case. *See DeBose v. City of Jacksonville*, No. 3:09-cv-579-J-34JBT, 2012 WL 13098470, at *3 (M.D. Fla. Feb. 7, 2012) (excluding expert testimony regarding his comparison of witness testimony as unhelpful to the jury). A jury can compare the reports and the evidence in this case and make consistency determinations without Dr. Hough's assistance. Accordingly, Dr. Hough's sixth opinion is excluded.

### C. Federal Rules of Evidence Rule 403

Plaintiff further argues that Dr. Hough's "testimony should be excluded pursuant to Rule 403." (Dkt. 93 at 5.) Rule 403 of the Federal Rules of Evidence "permits the trial court to exclude evidence otherwise admissible because the probative value of that evidence is substantially outweighed by the danger of unfair prejudice[, confusion of the issues, or misleading the jury.]" *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983); Fed. R. Evid. 403. As Rule 403 "permits a trial court to exclude

7

concededly probative evidence, Rule 403 is an extraordinary remedy which should be used sparingly." *King*, 713 F.2d at 631. The court does not find that Dr. Hough's remaining opinions warrant Rule 403 exclusion as they constitute probative evidence and are not substantially outweighed by unfair prejudice, confusion of the issues, or the likelihood of misleading the jury. Fed. R. Evid. 403.

## CONCLUSION

Accordingly, Plaintiff's Daubert Motion to Exclude the Testimony of Defendant's Expert Dr. Richard Hough (Dkt. 93) is **GRANTED in part and DENIED in part**. Dr. Hough's opinions two through four, six, eight, twenty-one, and twenty-five are excluded. Plaintiff's Motion is otherwise denied.

**ORDERED** in Orlando, Florida, on August 8, 2024.

　　　　　　　　　　　　　　　　　　　　JULIE S. SNEED
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record