UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KARY JARVIS,

    Plaintiff,

v.                                                        Case No: 6:23-cv-508-JSS-RMN

MARVILLE TUCKER and JAMES
MACKENZIE,

    Defendants.
_____/

## **ORDER**

Defendants move to stay this case pending interlocutory appeal of the court's Order (Dkt. 153) denying Defendants' qualified immunity as to Plaintiff's federal unlawful seizure claim and sovereign immunity as to Plaintiff's state law malicious prosecution and conversion claims. (Dkts. 156, 157). Plaintiff does not oppose the Motion. (Dkt. 157.)

A district court's order denying the defense of qualified immunity is an immediately appealable order within the meaning of 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) ("[W]e hold that a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."). Typically, when an interlocutory appeal is taken from the denial of immunity, a stay of the district court's proceedings is warranted, unless the

appeal is frivolous. Courts in this district have stayed proceedings pending an interlocutory appeal under similar circumstances. *See, e.g.*, *H.A.L. v. Foltz*, No. 3:05-cv-873-J-33MCR, 2008 WL 591927, at *1 (M.D. Fla. Feb. 28, 2008); *Little v. Williams*, No. 6:00-cv-1255-Orl-31DAB, 2002 WL 34358762, at *1 (M.D. Fla. June 20, 2002).

The trial of this case was set to commence October 28, 2024. (Dkts. 115, 117.) A stay of this action will conserve judicial resources until the Eleventh Circuit determines whether Officers Tucker and Mackenzie violated clearly established law at the time of the incident at issue. *See Forsyth*, 472 U.S. at 528 (explaining that such an appeal requires appellate court only to determine question[s] of law: "whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions"). Thus, this threshold question is now before the Eleventh Circuit and has not yet been resolved by that Court. Until the Eleventh Circuit determines whether the relevant law was clearly established, Defendants should not be subjected to trial. Moreover, only three days have passed between the time the court entered its Order on the Motions for Summary Judgment and Officers Tucker and Mackenzie's motion requesting a stay of the proceedings pending appeal. Thus, the appeal is not sought primarily for delay.

Accordingly:

1. Defendants' Unopposed Motion to Stay Pending Appeal (Dkt. 157) is **GRANTED**.

2. This case is **STAYED** pending Defendants' appeal to the Eleventh Circuit. (Dkt. 156.)

3. The pending Motions (Dkts. 123, 128, 141, 152) are **DENIED without prejudice** and may be reasserted post-appeal as appropriate.

4. The Clerk is **DIRECTED** to administratively close this case.

**ORDERED** in Orlando, Florida, on October 23, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record